EDSON M. WEBB, Appellant, v. JESSE MILES, Respondent.— Appeal from a judgment of nonsuit entered upon the verdict of a jury at a Trial Term of the Supreme Court, Chenango county. The action is for negligence. Plaintiff was standing on the left running board of a car which was proceeding easterly along the southerly side of Chenango street in the village of Oxford. Defendant's car backing out of a driveway on the north side of the street collided with the car in which the plaintiff was riding, causing injuries to plaintiff. On a former trial the trial court granted a nonsuit and dismissed the complaint on the ground that plaintiff was guilty of contributory negligence as a matter of law in that he violated subdivision 3 of section 88 of the Vehicle and Traffic Law which provides that " no person shall ride upon the rear of any vehicle without the consent of the driver or with any part of his body protruding, nor shall any person hang on any street car or vehicle whatsoever." That judgment was reversed on the law and a new trial granted on the authority of *Morris* v. *Town of Stafford* (266 N. Y. 597). [See 249 App. Div. 688.] On the trial resulting in the judgment now appealed from the learned trial justice stated in his charge: " It has been argued by counsel for the plaintiff that, as a matter of law, the plaintiff had a right to be there and that as a matter of law he was not guilty of contributory negligence. I am taking no position as to whether or not this plaintiff was guilty as a matter of law, or rather I am taking the position that it is a question of fact for you gentlemen to determine. I am not going to charge you he was guilty of contributory negligence as a matter of law. I am not going to charge you that he was not guilty of contributory negligence as a matter of law. I am passing it on to you as a question of fact for you to determine. * * * I am leaving it for you to say under all the circumstances and facts in this case, using your common sense and good judgment as to whether or not the plaintiff was guilty of any negligence himself that contributed to the accident." At the close plaintiff's counsel requested a charge that plaintiff was not guilty of contributory negligence by riding upon the running board. The court said: " I decline so to charge. I am leaving that question to the jury as I have already instructed and will give you an exception." When the case was previously in this court we decided that plaintiff by standing on the running board of the car was not negligent as matter of law. The charge does not state this directly, but the entire charge conveyed the thought to the jury. Judgment affirmed, with costs. Hill, P. J., Rhodes, McNamee and Crapser, JJ., concur; Heffernan, J., dissents, for these reasons: That the following portion of the charge contains inconsistent statements: " I am taking no position as to whether or not this plaintiff was guilty as a matter of law, or rather I am taking the position that it is a question of fact for you gentlemen to determine. I am not going to charge you he was guilty of contributory negligence as a matter of law. I am not going to charge you that he was not guilty of contributory negligence as a matter of law." And it was error to refuse the request of plaintiff's counsel as follows: " I ask your Honor to charge that the plaintiff was not guilty of contributory negligence by reason of the fact that he was riding upon the running-board of the car." (*Morris* v. *Town of Stafford*, 242 App. Div. 809; affd., 266 N. Y. 597; *Connor* v. *Western New York Motor Lines, Inc.*, 250 id. 165.)